[Crim. No. 3446.   Second Dist., Div. Two.—June 6, 1941.]

THE PEOPLE, Respondent, v. MILTON GIOVANNI, Appellant.

Walter L. Gordon for Appellant.

Earl Warren, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was accused by information of the crime of murder in that on or about February 9, 1940, he murdered one Walter Peniger. A jury found him guilty of manslaughter and he has appealed from the judgment of conviction. Defendant contends that the evidence establishes that the killing was done in self defense and that it is insufficient to sustain the verdict of guilty of manslaughter.

At about 9:30 p. m. on February 9, 1940, two groups of young men, all colored, engaged in a brawl at the corner of Central Avenue and 22nd Street in the city of Los Angeles. There were about five or six in each group. To establish the circumstances of the affair the prosecution presented as a witness Police Officer Corsini, who testified that on November 4, 1940, he had a conversation with defendant in which defendant stated that during the brawl he stabbed Peniger with a knife, causing his death, and that William Wells, one of the group with Peniger, was shot by one of defendant's group. After the stabbing and shooting defendant ran down an alley, throwing the knife with which he had stabbed Peniger "back of the Lincoln theater". Thereafter defendant and two other boys went to the Southern Pacific depot, "bummed a ride" and left the State of California. Defendant returned about the first of November and gave as his reason for returning that he would have to "register with the government" and that he might as well come back and give himself up. Defendant also told Officer Corsini that Ernest Waters, one of defendant's group, had at the

time of the affray a large knife in his hand and said that he "intended to stab a fellow . . . who got away just about that time"; that Waters was trying to get a "gun" from one of the other group. Police officers searched the premises where the stabbing took place but could find no knife. The body of Peniger was taken to the morgue but no knife was found among his effects.

The only witnesses who testified concerning the circumstances of the affray were, in addition to the police officers, defendant and Ernest Waters. One of the officers testified that they had tried to find other participants in the affray but were unable to do so. According to the testimony of defendant, Peniger and his group had ordered defendant and his companions to stay away from the neighborhood of Central Avenue and 22nd Street; defendant and his friends left the intersection for a few minutes and, upon observing that the others had left the scene, were returning with the intention of getting some "chili beans"; at that time several members of Peniger's group came from behind an automobile with knives; defendant and his companions ran about 25 or 40 feet and were met by Peniger and several others; Peniger lunged at defendant with a knife; after Peniger came at him the second time, cutting through his coat sleeve, defendant stabbed him; one of Peniger's group stabbed Edward Wallace, one of defendant's group.

Manslaughter is defined in section 192 of the Penal Code as "the unlawful killing of a human being, without malice . . . upon a sudden quarrel or heat of passion". The jurors were not bound to accept as true the version of the affair given by defendant and the witness Waters. They could properly take into consideration the fact that one of the Peniger group was shot by one of defendant's companions; that the knife claimed to have been used by Peniger was not found on the premises or among his effects and that defendant left the state immediately after the stabbing. The jurors could draw reasonable inferences from the facts shown in evidence. Before a reviewing court can set aside a jury's verdict "it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below". (*People* v. *Newland,* 15 Cal. (2d) 678, 681 [104 Pac. (2d) 778].)

We are satisfied that the circumstances shown in evidence are sufficient to reasonably justify the verdict of the jury.

Defendant contends that the court erred in refusing to give to the jury instructions requested on the subject of self defense and on the right of one attacked to pursue his adversary until he has secured himself from danger. Complaint is made of the refusal of the court to give defendant's instruction No. 8, which reads as follows: "You are instructed that the defendant has introduced evidence tending to prove that he acted in self defense. I instruct you that he is only bound to produce such evidence of self defense as will create in your minds a reasonable doubt of his guilt of the offense charged. If after a consideration of all the evidence in this case you are unable to determine whether he did or did not act in self defense, he is entitled to an acquittal at your hands." The point covered by this instruction was fairly presented to the jury in defendant's instruction No. 7, as follows: "If you believe from the evidence here that defendant Milton Giovanni acted in self defense from real and honest conviction as to the character of the danger induced by the existence of reasonable circumstances, or if you have a reasonable doubt as to whether he did or did not, then it will be your duty to find that his said act was justifiable even though you might further believe from the evidence that he was mistaken as to the extent of the danger." Moreover, the court gave to the jury the usual instruction on the subject of the presumption of innocence and reasonable doubt in the language of section 1096 of the Penal Code, and further instructed them: "If the evidence relating to any or all the circumstances in this case is, in view of all the evidence, susceptible of two reasonable interpretations, one of which would point to the defendant's guilt and the other would admit of his innocence, then it is your duty in considering such evidence to adopt that interpretation which will admit of defendant's innocence and reject that which would point to his guilt."

The court gave the jury the following instruction: "The court instructs the jury that a person in the exercise of his right of self defense not only has a right to stand his ground and defend himself when attacked, but he may pursue his adversary until he has secured himself from danger." It was not error for the court to refuse to add to this in-

struction the additional element requested by defendant: "And he may pursue him in like manner, though the assailant has withdrawn from the combat, when he has reasonable ground to apprehend that the assailant will presently return and renew the assault." No authority is cited to justify an extension of the rule of the right of pursuit to the extent indicated by the requested instruction. The rule should not be enlarged to permit pursuit of an assailant who has in fact withdrawn from the combat.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 30, 1941.